**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**DISTRICT OF DELAWARE**

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Bumble Bee Holdings, Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **None** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **58-1931051** |

4. **Debtor's address**

**Principal place of business**

**280 Tenth Avenue**
**San Diego, CA   92101**
Number, Street, City, State & ZIP Code

**San Diego**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL)    **www.bumblebee.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Bumble Bee Holdings, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

<u>3119</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes

| Debtor | **See Attachment 1** | | Relationship | |
|---|---|---|---|---|
| District | | When | | Case number, if known | |

24691995.1

Debtor    **Bumble Bee Holdings, Inc.**                                      Case number (*if known*) _____
_____
Name

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                            Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes    Insurance agency    _____

            Contact name    _____

            Phone    _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☒ $100,000,000 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☒ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

24691995.1

Debtor **Bumble Bee Holdings, Inc.**
Name

Case number (*if known*) _____

■ **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/21/2019
MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Kent McNeil
Printed name

Title  **Executive Vice President & CFO**

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date 11/21/2019
MM / DD / YYYY

Pauline K. Morgan
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square, 1000 North King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-571-6600**      Email address  **pmorgan@ycst.com**

**No. 3650 (DE)**
Bar number and State

**ATTACHMENT 1**

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the related entities listed below (collectively, the "<u>Debtors</u>"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

> Bumble Bee Parent, Inc.
> Bumble Bee Holdings, Inc.
> Bumble Bee Foods, LLC
> Anova Food, LLC
> Bumble Bee Capital Corp.

UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS OF
**BUMBLE BEE HOLDINGS, INC.**
<u>**a Georgia corporation**</u>

THE UNDERSIGNED, being all of the members of the Board of Directors (the "<u>Board</u>") of Bumble Bee Holdings, Inc., a Georgia corporation (the "<u>Company</u>"), including one director who is a current member of Lion Capital LLP or a current employee of Lion Capital (Americas) Inc., hereby consent that the actions recited herein shall be deemed the actions of the Board with the same effect as if taken at a duly noticed and called meeting of the Board, and direct that this writing be filed with the minutes of proceedings of the Board, all pursuant to the provisions of Section 14-2-821 of the Georgia Business Corporation Code as of the date set forth below:

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical and current performance of the Company, the assets and prospects of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions, and fully considered the strategic alternatives available to the Company; and

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a reorganization case under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and

**WHEREAS**, the Company and certain of its affiliates previously entered into that certain restructuring support agreement, dated as of July 10, 2019 (as amended, the "<u>RSA</u>"), which, among other things, contemplated the Company commencing cases under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") to restructure the business and for the Company to obtain debtor-in-possession financing (the "<u>DIP Financing</u>") from the lenders party to the RSA; and

**WHEREAS**, the Company and its affiliates have received extensions to the various milestones contemplated in (i) that certain Amended and Restated Credit Agreement, dated as of August 18, 2017 (as amended, restated, supplemented or otherwise modified from time to time) by the Collateral Agent (as defined therein) (the "<u>Prepetition ABL Facility</u>") and (ii) that certain Term Loan Agreement, dated as of August 15, 2017 (as amended, restated, supplemented or otherwise modified from time to time) among the Company, Connors Bros. Clover Leaf Company, the lenders party thereto from time to time and the Administrative Agent (as defined therein) (the "<u>Prepetition Term Loan Facility</u>"), which effect a forbearance with respect to such milestones; and

**WHEREAS**, the Company and its affiliates have negotiated a sale of substantially all of their assets, subject to higher or better offers, to FCF Co., Ltd. or its affiliates (collectively, "FCF"); and

**WHEREAS**, the Company intends to commence proceedings under chapter 11 of the Bankruptcy Code to pursue approval of the sale to FCF, subject to higher or otherwise better offers, under section 363 of the Bankruptcy Code.

### NOW, THEREFORE, BE IT:

### Commencement and Prosecution of Bankruptcy Case

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, shareholder and other parties in interest that a voluntary petition (the "Petition") be filed with the Bankruptcy Court by the Company commencing a case (the "Chapter 11 Case") under the provisions of the Bankruptcy Code; and it is further

**RESOLVED**, that each officer of the Company (each, an "Officer" and collectively, the "Officers") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Chapter 11 Case; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such

agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

### Retention of Professionals

**RESOLVED**, that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") be, and hereby is, authorized, directed and empowered to represent (a) the Company as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation and filing of any pleadings in its Chapter 11 Case, and (b) the Company as special litigation counsel to represent and assist the Company in connection with any litigation related to allegations of price fixing or ancillary matters (the "Litigation"), and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in any Litigation; and in connection with the foregoing representations, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation and filing of pleadings in its Chapter 11 Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that AlixPartners, LLP ("Alix") be, and hereby is, authorized, directed and empowered to serve as a restructuring advisor to, among other things, represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance

the Company's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate motion or application for authority to retain the services of Alix; and it is further

RESOLVED, that Houlihan Lokey, Inc. ("HL") be, and hereby is, authorized, directed and empowered to serve as investment banker to, among other things, represent and assist the Company in connection with the sale of the Company's assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of HL; and it is further

RESOLVED, that Prime Clerk LLC ("Prime Clerk") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Chapter 11 Case and assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions,

lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Officers deem necessary, proper, or desirable in connection with the Chapter 11 Case; and it is further

**Entry into APA, Bidding Procedures Motion and Marketing Process**

> **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to enter into an asset purchase agreement ("APA") with FCF, as guarantor, and one or more newly formed affiliates of FCF as Buyers, and the Company and certain of affiliates as Sellers, substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Officer executing the same shall approve, such approval to be conclusively evidenced by an Officer's execution and delivery thereof, which APA shall be subject to higher or better offers; and it is further

> **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized  to file with the Bankruptcy Court a motion seeking approval of, among other things, (i) a sale of all or substantially all of the Company's assets pursuant to the APA, which shall be subject to higher or better offers, and (ii) the proposed bidding and auction procedures pursuant to which the Company and certain of its affiliates will market their assets (the "Bidding Procedures Motion"); and it is further

> **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to engage in a marketing process for the Company's assets, to ensure the APA provides the highest or otherwise best offer for the Company's assets (the "Marketing Process"), with such changes, additions, and modifications thereto as an Officer shall approve; and it is further

> **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to enter into any ancillary documents or agreements contemplated by the APA, substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Officer executing the same shall approve, such approval to be conclusively evidenced by an Officer's execution and delivery thereof, and any other ancillary documents or agreements necessary or opportune to consummate the transactions contemplated by the APA and that are deemed by any Officer to be necessary, appropriate or desirable in connection with the same; and it is further

**RESOLVED**, that each of the Officers be, and hereby is, authorized and empowered to file the Bidding Procedures Motion, on behalf of the Company, and to pursue the Marketing Process and to take any and all actions necessary or advisable to advance the Company's rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Officer, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions; and it is further

## Postpetition Financing

**RESOLVED**, that it is appropriate and in the best interests of the Company to enter into, execute, deliver and perform the transactions, and any and all other agreements, instruments and documents deemed necessary or desirable to evidence and secure the obligations under the DIP Financing on the terms set forth in the Credit and Security Documents (as defined herein), including without limitation a debtor-in-possession term loan facility in an aggregate principal amount of $80,000,000 (the "DIP Term Loan Agreement") to be provided by the existing agent and lenders under the Prepetition Term Loan Facility, a debtor-in-possession asset-based revolving credit facility in an aggregate principal amount of $200,000,000 (the "DIP ABL Credit Agreement") to be provided by the existing agent and lenders under the Prepetition ABL Loan Facility, and any loan or credit agreements, promissory notes, deeds of trust, mortgages, deeds to secure debt, security agreements, pledge agreements, assignments of leases and rents, assignments, guaranties, subordination agreements, intercreditor agreements, agreements with third parties (including, without limitation, lockbox agreements, cash management agreements and deposit account control agreements) relating to the collateral, indemnity agreements, certificates, affidavits, financing statements, applications, notices and other agreements of any kind or nature whatsoever substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Officer executing the same shall approve, such approval to be conclusively evidenced by an Officer's execution and delivery thereof (collectively, with the DIP Term Loan Agreement and the DIP ABL Credit Agreement, the "Credit and Security Documents"); and it is further

**RESOLVED**, that the form, terms and provisions of, the execution and delivery of, and the performance of the transactions and obligations contemplated by the Credit and Security Documents to which the Company is a party be, and they hereby are, authorized, approved and adopted in all respects and the Company is hereby authorized to (i) execute and deliver the Credit and Security Documents to which the Company is a party, (ii) perform its obligations thereunder, including to mortgage, charge, assign, pledge and otherwise transfer and encumber and grant security interests in its present and future real and leasehold property, equipment, inventory, intangibles, undertakings and other property and assets as security for its present and future obligations under or in connection with the DIP Financing and the

Credit and Security Documents to which the Company is a party, and (iii) take all actions contemplated thereby; and it is further

RESOLVED, that the Company is hereby authorized to guarantee the obligations of the Borrower (as defined in the DIP Term Loan Agreement and the DIP ABL Credit Agreement) and each other Credit Party (as defined in the DIP Term Loan Agreement) and each other Loan Party (as defined in the DIP ABL Credit Agreement) under the DIP Financing and/or the Credit and Security Documents; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on their behalf as provided herein) the Credit and Security Documents to which the Company is a party and all other necessary documents (including without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers) with such changes therein and additions thereto as any such Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such document with any changes thereto by the relevant Officer, to be conclusive evidence that such Officer deemed such changes or additions to meet such standard, and in connection with the Petition; and it is further

RESOLVED, that, to use and obtain the benefits of cash collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Officer executing the same shall approve, such approval to be conclusively evidenced by an Officer's execution and delivery thereof (the "Interim DIP Order") to be submitted for approval to the Bankruptcy Court; and it is further

RESOLVED, that the Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions (collectively, the "Adequate Protection Transactions") and that each of the Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions; and it is further

RESOLVED, that each of the Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of appropriate fees and expenses payable in connection with the Adequate Protection Transactions and appropriate fees and expenses

incurred by or on behalf of the Company, which shall be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Interim DIP Order, the Credit and Security Documents or any of the other ancillary documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**General Resolutions**

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Officers, each Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Officer's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is further

**RESOLVED**, that all actions and transactions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any manager or Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby in all respects approved, adopted, ratified and confirmed in all respects as the true acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that, to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body (the "Controlling Company") of any other company (a "Controlled Company"), each Officer of the Controlling Company, any one of whom may act without the joinder of any other Officer, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of the Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Officer is herein authorized to take on behalf of the Controlling Company; and it is further

**RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

**RESOLVED**, that this unanimous written consent may be executed in multiple counterparts, each of which shall be considered an original and all of which shall constitute one and the same instrument.

\* \* \* \* \*

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date set forth below.

Date: November 21, 2019

DIRECTORS:

_____
Jan Tharp

_____
Jeff Chang

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date set forth below.

Date: November 21, 2019

DIRECTORS:

_____
Jan Tharp

_____
Jeff Chang

Fill in this information to identify the case:

Debtor Name: <u>Bumble Bee Parent, Inc., *et al.*</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (if known): _____

Check if this is an amended filing

Official Form 204
**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders[1]**    **12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | FCF Co., Ltd. Attn: Max Chou 2nd Rd, 28th Floor #8 Min Chuan Chien Chen District Kaohsiung Taiwan, R.O.C. | FCF Co., Ltd. Attn: Max Chou Phone: 886-7-339-1636 Fax: 886-7-330-5611 Email: maxchou@faf.com.tw | Trade Debt | | | | $50,536,218 |
| 2 | United States Department of Justice Attn: Antitrust Division 450 Golden Gate Avenue Box 36046, Room 10-0101 San Francisco, CA 94102 | United States Department of Justice Attn: Antitrust Division Phone: 415-934-5300 Fax: 415-934-5399 Email: SanFran.ATR@usdoj.gov | Settlement | | | | $17,000,000 |
| 3 | Envases Universales de Mexico SAPI de CV Calzada de Guadalupe 504 Colonia CE Cuautitlan 54800 Mexico | Envases Universales de Mexico Phone: 52 (55) 8311 6500 Fax: 886-7-330-5611 Email: ignacio.lopez@envasesuniversales.com | Trade Debt | | | | $2,379,843 |

---

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.

01:25621811.1

Debtor  Bumble Bee Parent, Inc., _et al._                           Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 4 | Walmart Inc.<br>Attn: Ross Higman<br>702 S.W. 8th Street<br>Mail Stop 0215<br>Bentonville, AR 72716-0215 | Walmart Inc.<br>Attn: Ross Higman<br>Phone: 479-273-4000<br>Email: ross.higman@walmartlegal.com | Customer Obligation | | | | $2,372,000 |
| 5 | Pataya Food Industries Ltd.<br>No. 1011 Supalai Grand Tower<br>27th Floor Rama 3 Road<br>Chongnonsi<br>Yannawa<br>Bangkok 10120<br>Thailand | Pataya Food Industries Ltd.<br>Phone: (66) 0-2119-4399<br>Fax: (66) 0-2119-4370-1<br>Email: thammarat@patayafood.com | Trade Debt | | | | $1,753,973 |
| 6 | R S Cannery Co. Ltd.<br>255/1 Industrial Estate Soi 3<br>Samutprakarn 10280<br>Thailand | R S Cannery Co. Ltd.<br>Fax: 662-709-6627<br>Email: trade@rscannery.com | Trade Debt | | | | $1,412,789 |
| 7 | Suter Co. Inc.<br>258 May Street<br>Sycamore, IL 60178 | Suter Co. Inc.<br>Phone: 815-895-9186<br>Fax: 815-895-4814<br>Email: partnering@suterco.com | Trade Debt | | | | $1,367,385 |
| 8 | Advantage Sales & Marketing Inc.<br>Attn: Michael O'Keefe<br>18100 Von Karman Avenue<br>Suite 1000<br>Irvine, CA 92612 | Advantage Sales & Marketing Inc.<br>Attn: Michael O'Keefe<br>Phone: 949-797-2900<br>Email: press@advantagesolutions.net | Trade Debt | | | | $1,248,736 |
| 9 | Keker & Van Nest LLP<br>633 Battery St.<br>San Francisco, CA 94111-1809 | Keker & Van Nest LLP<br>Phone: 415-391-5400<br>Email: staylor@keker.com | Professional Services | | | | $1,077,431 |
| 10 | Thai Union Group PCL<br>979/12 M Floor SM Tower<br>Phayathai 10400<br>Thailand | Thai Union Group PCL<br>Phone: +66(0) 2298-0024<br>Fax: +66(0) 2298-0548<br>Email: ir@thaiunion.com | Trade Debt | | | | $1,016,855 |

Debtor Bumble Bee Parent, Inc., *et al.*                              Case number (if known) _____

      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 11 | Matson Integrated Logistics P.O. Box 99074 Chicago, IL 60693 | Matson Integrated Logistics Phone: 630-203-3500 Fax: 630-678-1567 | Trade Debt | | | | $993,099 |
| 12 | Princes Tuna (Mauritius) Limited New Trunk Road Riche Terre, Port Louis Mauritius | Princes Tuna (Mauritius) Limited Phone: 23 (0)206 9000 Fax: 23 (0)249 2300 Email: enquiries@princes.co.uk | Trade Debt | | | | $625,923 |
| 13 | Graal S.A. Zachodnia 22 Wejherowo 84-200 Poland | Graal S.A. Phone: 556-775-820 Fax: 586-772-843 Email:  biuro@graal.pl | Trade Debt | | | | $613,761 |
| 14 | Crider Inc. PO Box 398 1 Plant Avenue Stillmore, GA 30464 | Crider Inc. Phone: 800-342-3851 Fax: 912-562-4435 Email: mhowell@criderinc.com | Trade Debt | | | | $596,903 |
| 15 | Conagra Brands Inc. Conagra Foods Sales LLC Eleven Conagra Drive Omaha, NE 68102 | Conagra Brands Inc. Conagra Foods Sales LLC Phone: 800-252-0610 Fax: 402-978-5504 Email: parth.kaurana@conagra.com | Trade Debt | | | | $571,442 |
| 16 | Peter Pan Seafoods Inc. 3015 112th Ave NE, Suite 100 Bellevue, WA 98004 | Peter Pan Seafoods Inc. Phone: 206-728-6000 Fax: 206-441-9090 | Trade Debt | | | | $550,848 |
| 17 | Pacific Fishing Co. Ltd. 21 Beach Street Levuka Ovalau Fiji | Phone: 679-344-0055 Fax: 679-344-0400 Email: info@pafcofiji.com | Trade Debt | | | | $479,461 |

Debtor <u>Bumble Bee Parent, Inc., *et al.*</u>                                    Case number (if known) _____
               Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | | |
|---|---|---|---|---|---|---|---|---|
| 18 | Direct Purchaser Plaintiff Class[2] Hausfeld Attn: Bonny E. Sweeney 600 Montgomery Street Suite 3200 San Francisco, CA 94111 | Direct Purchaser Plaintiff Class Attn: Bonny E. Sweeney Phone: 415-633-1908 Fax: 415-358-4980 Email: bsweeney@hausfeld.com | Litigation | CUD | | | | Undetermined |
| 19 | Commercial Food Preparer Class Cuneo Gilert & LaDuca, LLP Attn: Jonathan W. Cuneo 4725 Wisconsin Ave. NW Suite 200 Washington, DC 20016 | Commercial Food Preparer Class Attn: Jonathan W. Cuneo Phone: 202-789-3960 Fax: 202-789-1813 Email: jonc@cuneolaw.com | Litigation | CUD | | | | Undetermined |
| 20 | End Payer Plaintiff Class Wolf Haldenstein Adler Greeman & Herz LLP Attn: Fred Isquith 270 Madison Avenue New York, NY 10016 | End Payer Plaintiff Class Attn: Fred Isquith Phone: 212-545-4600 Fax: 212-545-4653 Email: isquith@whafh.com | Litigation | CUD | | | | Undetermined |

---

[2]  A number of direct purchasers have opted to pursue separate, non-class based claims against the Debtors. These plaintiffs and their counsel are listed on <u>Schedule A</u> attached hereto.

**Schedule A**

| Law Firm | Plaintiff(s) Represented |
|---|---|
| Ahern and Associates, P.C.<br>Attn: Patrick J. Ahern<br>Willoughby Tower, 8 South Michigan Ave.<br>Suite 3600<br>Chicago, IL 60603<br>Phone: (312) 404-3760<br>Fax: (904) 738-8640<br>Email: patrick.ahern@ahernandassociatespc.com | • Winn Dixie<br>• Bi-Lo Holdings |
| Alston & Bird LLP<br>Attn: Valarie C. Williams<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Phone: (404) 881-7000<br>Fax: (415) 243-1000<br>Email: valarie.williams@alston.com | • CVS |
| Haynsworth Sinkler Boyd, P.A.<br>Attn: Elizabeth H. Black<br>1201 Main Street<br>Suite 2200<br>Columbia, SC 29201<br>Phone: (803) 779-3080<br>Email: eblack@hsblawfirm.com | • W. Lee Flowers |
| Kaplan Fox & Kilsheimer LLP<br>Attn: Robert N. Kaplan<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>Phone: (212) 687-1980<br>Fax: (212) 687-7714<br>Email: rkaplan@kaplanfox.com | • Affiliated Foods, Inc.<br>• Alex Lee, Inc.<br>• Associated Food Stores, Inc.<br>• Associated Grocers of New England, Inc.<br>• Associated Grocers, Inc.<br>• Bashas' Inc.<br>• Big Y Foods, Inc.<br>• Brookshire Brothers, Inc.<br>• Brookshire Grocery Company<br>• Certco, Inc.<br>• Dollar Tree Distribution, Inc.<br>• Family Dollar Services, LLC<br>• Family Dollar Stores, Inc.<br>• Fareway Stores, Inc.<br>• Giant Eagle, Inc.<br>• Golub Corporation (Price Chopper)<br>• Greenbrier International, Inc.<br>• Kmart Corporation<br>• K-VA-T Food Stores, Inc. d/b/a Food |

| Law Firm | Plaintiff(s) Represented |
|---|---|
| | City<br>• Marc Glassman, Inc.<br>• McLane Company, Inc.<br>• Meadowbrook Meat Company, Inc.<br>• Merchants Distributors, LLC<br>• Schnuck Markets, Inc.<br>• SpartanNash Company<br>• URM Stores, Inc.<br>• Western Family Foods, Inc.<br>• Woodman's Food Market, Inc.<br>• 99 Cents Only Stores LLC |
| Kenny Nachwalter, P.A.<br>Attn: William J. Blechman<br>1441 Brickell Avenue<br>Suite 1100<br>Miami, FL 33131<br>Phone: (312) 641-3200<br>Fax: (305) 372-1861<br>Email: wblechman@knpa.com | • Ahold U.S.A., Inc.<br>• Albertsons Companies, LLC<br>• Delhaize America, LLC<br>• H.E. Butt Grocery Company<br>• Hy-Vee, Inc.<br>• The Kroger Co. |
| Nussbaum Law Group, P.C.<br>Attn: Linda P. Nussbaum<br>1211 Avenue of the Americas<br>40th Floor<br>New York, NY 10036<br>Phone: (917) 438-9189<br>Fax: (212) 681-0300<br>Email: lnussbaum@nussbaumpc.com | • Wegmans Food Markets Inc.<br>• Krasdale Foods Inc. |
| Sperling & Slater, P.C.<br>Attn: Joseph M. Vanek<br>55 West Monroe Street<br>Suite 3200<br>Chicago, IL 60603<br>Phone: (312) 445-4940<br>Fax: (312) 641-6492<br>Email: jvanek@sperling-law.com | • Dollar General Corporation<br>• Dolgencorp. LLC<br>• Meijer Distribution, Inc.<br>• Meijer, Inc.<br>• Moran Foods, LLC<br>• Publix Super Markets, Inc.<br>• Super Store Industries<br>• SuperValu Inc.<br>• Associated Grocers of Florida, Inc.<br>• Unified Grocers, Inc.<br>• Wakefern Food Corp. |

01:25621812.1

| Law Firm | Plaintiff(s) Represented |
|---|---|
| Stueve Siegel Hanson LLP<br>Attn: Steve N. Six<br>460 Nichols Road<br>Suite 200<br>Kansas City, MO 64112<br>Phone: (816) 714-7100<br>Fax: (816) 714-7101<br>Email: six@stuevesiegel.com | • Associated Wholesale Grocers, Inc.<br>• Affiliated Foods Midwest Cooperative, Inc. |

01:25621812.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BUMBLE BEE PARENT, INC., *et al.*,[1] | Case No. 19-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
## TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Bumble Bee Parent, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (each, a "Debtor" and, collectively, the "Debtors") hereby state as follows:

1.      The following Debtors are 100% owned by non-Debtor Clover Leaf Seafood S.à.r.l.:

- Bumble Bee Parent, Inc.

2.      Bumble Bee Holdings, Inc. is 100% owned by Bumble Bee Parent, Inc.

3.      Bumble Bee Foods, LLC is 100% owned by Bumble Bee Holdings, Inc.

4.      The following Debtors are 100% owned by Bumble Bee Foods, LLC:

- Bumble Bee Capital Corp.
- Anova Food, LLC

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816).  The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

01:25046142.1

Fill in this information to identify the case:

Debtor name   **Bumble Bee Holdings, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **11/21/2019**           X _____
                                        Signature of individual signing on behalf of debtor

                                        **Kent McNeil**
                                        Printed name

                                        **Executive Vice President & CFO**
                                        Position or relationship to debtor

Official Form 202                           **Declaration Under Penalty of Perjury for Non-Individual Debtors**